### JAMES ROY CO. v. ROY WOOLEN CO.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

USE AND OCCUPATION ☞2—LIABILITY.

 In an action to recover for use and occupation of certain premises, where it appeared that defendant went into possession of part of a woolen plant and paid the rent reserved, without any claim that any other amount was due the plaintiff, and with the consent of the plaintiff's manager used some of the buildings not covered by its lease, which use was equally beneficial to the plaintiff, as protecting its property from deterioration consequent upon vacancy, and as preserving its value as a going concern, the conventional relation of landlord and tenant did not exist as to the part so used, but the plaintiff was merely licensed to make such incidental use as would not interfere with plaintiff's use, and years after the transaction could not be held liable for such use.

 [Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. § 12; Dec. Dig. ☞2.]

Appeal from Trial Term, Albany County.

Action by the James Roy Company against the Roy Woolen Company. From a judgment entered upon the decision of the court, dismissing the complaint in an action to recover for use and occupation of certain premises, plaintiff appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Benjamin W. Knower, of Watervliet (Eugene D. Flanigan, of Albany, of counsel), for appellant.

O'Brien & Murray, of Troy (Martin L. Murray, of Troy, of counsel), for respondent.

WOODWARD, J.   For many years prior to 1908 the James Roy Company was engaged in the manufacture of woolen goods at Watervliet. In that year the stockholders decided to discontinue the business, and left the plant in the charge of John F. Roy, who had for many years been the general manager of the same. The plaintiff had likewise among its employés one Tillinghast and one Charles P. Roy, the latter a son of the general manager. The two latter employés, subsequent to the discontinuance of business, entered into negotiations with the plaintiff to rent a portion of the premises, with an

option to purchase same, and, owing to the intimate relationship between John F. Roy and Charles P. Roy, they were referred to the president of the plaintiff company in New York. The negotiation resulted in a lease of a portion of the premises, which ultimately resulted in the purchase of the same by defendant, the Roy Woolen Company, which was organized to take over the lease from Tillinghast and Roy. With the defendant in possession and operating the portion of the premises leased to Tillinghast and Roy, the plaintiff remained in possession of the remainder of the plant; John F. Roy having immediate charge for the closing out of the stock of goods on hand and the ultimate disposal of the property. It appears from the evidence that the defendant, with the consent of John F. Roy, made use of some of the buildings not covered by its lease, and this action is brought to recover for the use and occupation of such buildings.

A perusal of the evidence in this case shows rather conclusively that this use and occupation, while of advantage in some respects to the defendant, was serving an equally useful purpose for the plaintiff; it was protecting the property from that deterioration which develops immediately upon a building being left wholly unoccupied, and served to preserve its value as a going concern, or at least as a concern which was in a position to resume business at any time. In other words, the defendant, while a conventional tenant, with rent reserved as to a portion of the property, was a mere tenant at will as to the remainder, and without any obligation to make compensation for such use. The rents reserved were duly paid, with no suggestion that anything more was owing to the plaintiff, and there can be no doubt that this was the understanding, either expressed or implied, between the parties at the time, and it would be most unjust at this time, years after the transaction has been closed, to compel the defendant to pay for this alleged use and occupation, which was of mutual benefit to the parties. It is certain that a large part of this alleged use and occupation was in conjunction with a use on the part of the plaintiff simultaneously with the defendant, and that this was the result of an understanding with the general manager of the plaintiff, and one which was not detrimental to any of the interests of the latter. The conventional relation of landlord and tenant did not exist as to the portion of the premises involved in this litigation; the defendant was merely licensed to make such incidental use of the premises as did not interfere with the interests of the plaintiff, and now to attempt to collect for this use is to impose a burden where none was intended.

The judgment appealed from should be affirmed, with costs. All concur.